# IN THE COURT OF APPEALS OF IOWA

No. 20-1189
Filed November 30, 2020

**IN THE INTEREST OF B.G.,**
**Minor Child,**

**K.G., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Lynn Poschner, District Associate Judge.

A mother appeals from the termination of her parental rights to her daughter. **AFFIRMED.**

Elizabeth A. Ryan of Ryan Legal Services, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Paul L. White of the Juvenile Public Defender Office, Des Moines, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

A mother appeals from an August 27, 2020 order that terminated her parental rights to her infant daughter, B.G. Following our de novo review, we affirm the termination order.

## I. Background Facts and Prior Proceedings

B.G. was born in October 2019. She came to the attention of the Iowa Department of Human Services (DHS) at birth when both she and her mother tested positive for methamphetamine. A safety plan was initiated, which afforded the mother the opportunity to have the newborn remain in her custody as long as the mother was supervised by the father of her two other children.[1] The State filed an application for removal and CINA petition after the mother was arrested for theft, driving while barred, and child endangerment. This trifecta of charges arose after the mother was observed shoplifting items from the Salvation Army while caring for B.G. without supervision. Two witnesses reported that when confronted concerning the theft, the mother threw the baby in the front seat, unrestrained, and sped away from the store across a busy street. B.G. was formally removed from parental custody on November 5, 2019, when she was less than a month old. She has remained out of parental custody since that initial removal.

After a contested adjudication hearing, B.G. was adjudicated a CINA pursuant to Iowa Code section 232.2(6)(c)(2), (n), and (o) (2019). A dispositional

---

[1] The mother's three-year-old and four-year-old children are subject to separate child-in-need-of-assistance (CINA) proceedings but are not a part of this termination proceeding. The father of these two children is not the father of B.G. A permanency hearing for these two children was pending at the time of the termination proceedings involving B.G.

hearing was held on January 22, 2020.  The mother did not attend.  The following day, the mother and two of her other children, ages three and four, were subject to a child abuse investigation involving domestic abuse.  The four-year-old reported to DHS she thought her mother was dead after she witnessed her father throw an item, which struck the mother in the head, rendering the mother unconscious.  The children sought assistance from a neighbor who called 911.  The neighbor reported to law enforcement she often heard fighting between the mother and her boyfriend.  Law enforcement located drug paraphernalia in the apartment consistent with methamphetamine use.

The mother engaged in substance-abuse treatment until March 5.  Her substance-abuse provider reported the mother then struggled to engage in services until May 27.  She re-engaged with services from late May to July 29.  The mother also struggled to participate in drug testing.  When requested to provide a drug screen on May 6, she did not provide such until the next day.  The test was negative.  She failed to report to a testing facility to have a drug patch removed in mid-July.

With respect to her mental-health appointments, the mother attended three and "no-showed" for four appointments.  As such, her therapist was unable to provide a progress report at the time of the termination hearing due to this lack of attendance.  A combined permanency and termination hearing was held on August 7.[2]  The mother did not attend.  The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e) and (h) (2020).

---

[2] Prior to the hearing, DHS filed a report recommending an extension of time for both the mother and the father due to late receipt of paternity testing.  The county

**II. Analysis**

The mother frames the issue on appeal as follows: "Termination under Iowa Code section 232.116(1)(e) and (h) was improper because B.G.'s biological father has only entered the case recently and as such B.G. has not been removed from father's care for the requisite six months."

We begin with a preservation concern. While the mother alleges she preserved this issue by contesting the termination petition and filing a notice of appeal, filing a notice of appeal is insufficient to preserve error for review. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) ("While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." (footnote omitted)); *In re K.W.*, No. 15-0790, 2015 WL 4642786, at *1 (Iowa Ct. App. Aug. 5, 2015). We find this argument to be unpreserved. On our de novo review, we find sufficient evidence to support the district court's termination of the mother's parental rights under Iowa Code section 232.116(1)(h). At the time of the termination hearing, B.G. was ten months old; she had been adjudicated CINA pursuant to Iowa Code section 232.96; she had been removed from parental custody for the last nine consecutive months; and there is clear and convincing evidence that she could not be returned to the custody of her parents at that time. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa

---

attorney opposed an extension for the mother. An agreement was reached on the record to recommend an extension only as to the mother. DHS told the court the changed recommendation resolved any conflict of interest between the county attorney and DHS.

2010) (interpreting "at the present time" to mean "at the time of the termination hearing").

The mother also contends that if we find the argument to be unpreserved, this court should address the matter in the context of an ineffective-assistance – of-counsel argument.[3]  The test for ineffective assistance of counsel in termination cases is generally the same as in criminal proceedings.  *In re D.W.*, 385 N.W.2d 570, 579 (Iowa 1986).  In order to establish an ineffective-assistance claim, it must be shown that (1) counsel's performance is deficient, and (2) actual prejudice resulted.  *Id.* at 580; *Hall v. State*, 360 N.W.2d 836, 838 (Iowa 1985); *State v. Neal*, 353 N.W.2d 83, 86–87 (Iowa 1984); *see also Strickland v. Washington,* 466 U.S. 668, 687–98 (1984).  We presume that counsel's conduct falls within the range of reasonable professional competency.  *D.W.*, 385 N.W.2d at 580.  The burden of proving ineffectiveness is on the parent.  *In re J.P.B.,* 419 N.W.2d 387, 392 (Iowa 1988).  As there is no procedural equivalent to postconviction relief for termination-of-parental -rights proceedings, claims of ineffective assistance of counsel must be raised on direct appeal.  *See id.* at 390; *In re B.N.*, No. 00-0220, 2001 WL 57987, at *2 (Iowa Ct. App. Jan. 24, 2001).

While making a passing statement concerning an ineffective-assistance claim, the mother does not provide any argument in her petition on appeal concerning this claim.  We, therefore, do not consider it.  *See* Iowa R. App. P. 6.903(2)(g)(3).  To reach the merits of this issue would require us to undertake the appellant's research and advocacy.

---

[3] Mother's appellate counsel also represented the mother at the trial court proceedings.

Further, even if we elected to address this claim, we determine the mother would be unable to prove a breach of counsel's duty as the mother may not challenge the termination of her parental rights by raising arguments pertaining to the father's position.[4]  *See In re D.G.*, 704 N.W.2d 454, 460 (Iowa Ct. App. 2005) (holding one parent cannot argue facts or legal positions pertaining to the other parent); *In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007) (determining a father did not have standing to raise arguments on the mother's behalf in an effort to obtain a reversal of the termination of his parental rights).  The mother, based on this record, has failed to establish a deficiency in the performance of her trial counsel to raise this argument, as counsel has no duty to raise a meritless argument.  *See In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) ("Counsel has no obligation to raise a meritless issue.").

While not addressed under a separate heading, the mother also appears to allege an ineffective-assistance-of-counsel claim regarding the failure to move for a continuance of the termination hearing.  Comingled under the same heading, we also interpret her argument to raise a best interest claim concerning sibling separation.  We address each of these arguments in turn.

To the extent the mother raises an ineffective-assistance-of-counsel claim regarding the failure to move for a continuance, she has not developed any argument.  As noted above, the test for ineffective assistance of counsel in

---

[4] Paternity to B.G. was established in May 2020, just months prior to the termination hearing.  By agreement of the parties, the newly established father was granted an extension.  The guardian ad litem for B.G. indicated skepticism about whether the father would be in a position to care for the child in six-months but agreed with the extension given the recent paternity results.

termination cases is generally the same as in criminal proceedings. *D.W.,* 385 N.W.2d at 579. We find the mother's conclusory statement without references to the record or any argument to be insufficient to facilitate our review and deem them waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

When a party does not present any substantive argument in support of an issue, we do not consider it. *Soo Line R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 689 (Iowa 1994). *See* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); 6.1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal . . . . *General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.*" (emphasis added)); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume."); *cf.* Iowa R. App. P. 6.903(2)(g)(3) (requiring arguments in briefs to contain reasoning, citations to authorities, and references to pertinent parts of the record). We acknowledge the expedited nature of this appeal, *see generally* Iowa R. App. P. 6.201, but we are without argument for our consideration.

Lastly, we turn to the mother's argument concerning separation of B.G. from her siblings. By the time of the termination of parental rights hearing concerning B.G., the child's siblings had also been removed from parental custody and placed with a paternal relative. Importantly, this is not the mother's first involvement with DHS and the court. The year prior to the birth of B.G., a founded child abuse assessment was completed naming the mother as the perpetrator of abuse on B.G.'s siblings when the mother was found unresponsive with a methamphetamine pipe in her hand, leaving her two young children unsupervised. B.G. has been out of her mother's custody for all but eighteen days of B.G.'s life. Termination of the mother's parental rights is in the best interest of B.G.

**AFFIRMED.**